23 OCT 2013

# SEALED

Office of the United States Attorney
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

2013 OCT 23  P 2: 42

1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   MICHAEL A. HUMPHREYS
3  Assistant United States Attorney
   U.S. Attorney's Office
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: 702-388-6336
   Facsimile: 702-388-6787
6  Email: *michael.humphreys@usdoj.gov*
   Counsel for the United States of America
7

8

9                          UNITED STATES DISTRICT COURT
10                              DISTRICT OF NEVADA
11

12 | UNITED STATES OF AMERICA, )
                                )
13 |         Plaintiff,          )
                                )
14 |   v.                        )    **2:13-cv-01941-RCJ-NJK**
                                )
15 | TAURUS PT 709 9mm HANDGUN, Serial )
   | No. TGN29265,               )
16 |                             )
   | TAURUS .45 CALIBER REVOLVER, Serial )
17 | No. DP174094,               )
                                )
18 | 75 ROUNDS OF BOXED .410 CALIBER )
   | AMMUNITION,                 )
19 |                             )
   |         Defendants.         )

20 **EX PARTE MOTION FOR AN ORDER TO SEAL AND TO STAY THE CIVIL ACTION AND ORDER**
21

22  The United States of America, by and through Daniel G. Bogden, United States Attorney for
23  the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, respectfully
24  moves this Court for an Order to seal and to stay this above-captioned civil forfeiture in rem action.
25  The grounds for sealing and staying this civil action are to protect the ongoing grand jury
26  investigation, the grand jury information, the ongoing criminal investigation, the telephone wire tap

1  information, the consensual monitoring information, the undercover law enforcement officer, and the
2  cooperating informants, and to prevent civil discovery in this case at this time which would adversely
3  affect the ability of the United States to conduct the related grand jury investigation and criminal
4  investigation.

5      This Motion is made and is based on the attached Points and Authorities.

6      Dated this 23rd day of October, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Michael A. Humphreys

MICHAEL A. HUMPHREYS
Assistant United States Attorney

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a civil forfeiture action brought by the United States against the defendants for violations of 18 U.S.C. § 922(g)(1). The defendants are subject to civil forfeiture under 18 U.S.C. § 924(d)(1).

The facts for forfeiture under 18 U.S.C. § 924(d)(1) are set forth in the verified complaint. They show the defendants are involved in a violation of 18 U.S.C. § 922(g)(1) in that they were possessed by a felon.

Contemporaneously with this Ex Parte Motion, the United States is filing its Complaint for Forfeiture In Rem and is initiating the instant civil forfeiture action. The United States requests this Court to enter an Order for Summons and Warrant of Arrest In Rem for the Property and Notice and issue the Summonses and Warrants of Arrest In Rem for the Property to arrest the defendants to give this Court in rem jurisdiction of this case while the Ex Parte Motion, the Complaint, the Order, and the Summonses and Warrants remain sealed, and the case is stayed.

The United States will execute the Complaint, the Order, the Summonses and Warrants, and the Notice on the defendants to give the Court in rem jurisdiction of this case. However, no further action as required by the Order will be taken to avoid adversely affecting the ongoing criminal investigation, until the ongoing criminal investigation is completed.

The ongoing criminal investigation should not be compromised by this civil case. Accordingly, this Ex Parte Motion, the Complaint, the Order, and the Summonses and Warrants should be sealed, and this civil action should be stayed.

## II. ARGUMENT

### A. This Court Should Seal This Civil Forfeiture Case.

The information in this Ex Parte Motion, the civil forfeiture complaint, the Order, and the Summonses and Warrants must not be made available at this time to avoid adversely affecting the

. . .

1  ongoing criminal investigation. This sealing will not prevent law enforcement officer from executing
2  the Summonses and Warrants on the defendants.
3        The Ninth Circuit Court of Appeals stated, "The district court has the inherent power to seal
4  affidavits filed with the court in appropriate circumstances...The government contends that the
5  materials should be sealed to protect the informant and to keep confidential the ongoing investigations.
6  We find...the district court did not abuse its discretion." *United States v. Mann*, 829 F.2d 849, 853
7  (9th Cir. 1987) (citations omitted); *Offices of Lakeside Non-Ferrous Metals, Inc. v. United States*, 679
8  F.2d 778, 779 (9th Cir. 1982) ("The district court has inherent powers to seal affidavits filed with the
9  court in appropriate circumstances.") (citation omitted); *In Re Sealed Affidavit(s) to Search Warrants*
10 *Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) ("[T]he courts have inherent
11 power, as an incident of their constitutional function, to control papers filed with the courts within
12 certain constitutional and other limitations.") (citations omitted).
13       The Ninth Circuit applies a balancing test in which the United States's necessity for secret
14 proceedings or sealed documents are weighed against the public's interests that are affected by the
15 court's action. *Times Mirror Company v. United States*, 873 F.2d 1210, 1213-1216 (9th Cir. 1989);
16 *Offices of Lakeside Non-Ferrous Metals, Inc.*, 679 F.2d at 779 (The courts use a balancing test.).
17       Because of CAFRA and in spite of the ongoing criminal investigation, the United States has
18 one option at this time: to bring a civil forfeiture action, to seal the case, and to stay the civil action.
19       Therefore, because this Ex Parte Motion, the complaint, the Order, and the Summonses and
20 Warrants contain information concerning the ongoing criminal investigation, this Court should seal
21 this case.

**B. This Court Should Stay This Civil Forfeiture Proceeding Because Civil Discovery Will Adversely Affect The Ability Of The United States To Prosecute The Related Criminal Case And Will Disclose The Information Relating To The Confidential Witness.**

24       Congress has specifically provided that upon motion of the United States, "the court shall stay
25 the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the
26 . . .

1 ability of the Government to conduct a related criminal investigation or the prosecution of a related
2 criminal case." 18 U.S.C. § 981(g)(1) (emphasis added).

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4). See United States v. Jason Baumgarten, 2:09-CR-290-PMP-(PAL); United States v. Gregg Gariti, 2:09-CR-381-JCM-(VCF); and the complaint for forfeiture in rem filed contemporaneously with this Ex Parte Motion.

The Supreme Court has expressly approved the district court's inherent power to approve stay orders such as the one at issue here.

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.
>
> Impressed with the likelihood or danger of abuse, some courts have stated broadly that, irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger. All the cases advancing it could have been adequately disposed of on the ground that discretion was abused by a stay of indefinite duration in the absence of a pressing need. If they stand for more than this, we are unwilling to accept them. We must be on our guard against depriving the processes of justice of their suppleness of adaptation to varying conditions. Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted.

*Landis v. North American Co.*, 299 U.S. 248, 254-56, 57 S. Ct. 163, 166 (1936) (citations omitted). See also *Rohan v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003) ("District courts have inherent authority to stay proceedings before them...") (citation omitted); *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its docket with a view

. . .

5

1  to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the
2  litigants and counsel.") (citations omitted).
3      The Supreme Court observed the widespread practice of "[f]ederal courts...deferr[ing] civil
4  proceedings pending the completion of parallel criminal prosecutions when the interests of justice
5  seem[] to require such action, sometimes at the request of the prosecution [and s]ometimes at the
6  request of the defense." *United States v. Kordel*, 397 U.S. 1, 12, 90 S. Ct. 763, 770, n. 27 (1970).
7      The Supreme Court has also stated that pending "criminal proceedings," such as the ongoing
8  criminal investigation, may justify delaying the forfeiture action.

> Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings. A prior judgment to contemporaneous civil proceeding could substantially hamper the criminal proceedings, which – as here – may often include forfeiture as part of the sentence. A prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution.

*United States v. $8,850*, 461 U.S. 555, 567, 103 S. Ct. 2005, 2013 (1983) (citations omitted).

    Similarly, other courts have deferred to the public interest in law enforcement by giving priority to pending criminal prosecutions over a civil litigant's interest in the prompt adjudication of his or her civil claim.

    In *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955, 83 S. Ct. 502 (1963), the Fifth Circuit noted the conflicting policies and objectives underlying the rules of discovery in federal civil and criminal cases:

> In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters and in ruling on motions under the civil discovery procedures, a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases. While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive... A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.

. . .

. . .

6

*Campbell*, 307 F.2d at 487 (citations omitted); *Bittaker v. Woodford*, 331 F.3d 715, 734-35 (9th Cir. 2003) (O'Scannlain, J., and Rawlinson, J., concurring); *Osband v. Woodford*, 290 F.3d 1036, 1042-43 (9th Cir. 2002). The Court continued:

> The very fact that there is a clear distinction between civil and criminal actions requires a Government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interests in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonable prompt determination of his civil claims or liabilities.

*Id.* at 487 (emphasis added).

As Judge Bell noted in his concurring opinion, "The criminal aspect of the matters could not be ignored [because] the end result [of allowing discovery] was tantamount to allowing discovery under Federal Rules of Civil Procedure in a criminal proceeding, something we are powerless, as was the trial court, to authorize." *Campbell*, 307 F.2d at 492-493.

Courts also have approved the stay of civil proceedings simply because a civil litigant has the potential to exploit civil discovery to the detriment of a related criminal investigation. In *United States v. Mellon Bank, N.A.*, 545 F.2d 869 (3d Cir. 1976), the civil litigant had asserted his Fifth Amendment privilege against self-incrimination during the discovery process as he simultaneously sought Government production of documents which pertained to the ongoing criminal case against him. The Third Circuit upheld the stay of the civil jeopardy assessment action upon a finding that the mere similarity of issues between the civil and criminal cases opened the door for the taxpayer to abuse civil discovery in order to gain an advantage in his criminal case.

> It was clearly within the power of the district court to balance competing interests and decide that judicial economy would best be served by a stay of civil proceedings. The court found, and Meissner [the taxpayer] does not contend otherwise, that the civil matter before it and the criminal case in New York involved substantial matters of the same nature. Hence, it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case. Furthermore, the similarity of the issues left open the possibility that Meissner might improperly exploit civil discovery for the advancement of his criminal case.

*Mellon Bank, N.A.*, 545 F.2d at 872-873 (citations and quotes omitted).

1  In *Larouche Campaign v. F.B.I.*, 106 F.R.D. 500, 501 (1985), the court stated that the broad rules of civil discovery cannot be used to circumvent the more restrictive rules of criminal discovery. To protect against circumvention of discovery rules in criminal proceedings and to protect against impediments to an ongoing criminal investigation, the court in *Larouche* granted a stay of civil discovery. The stay order was limited in time until the Grand Jury failed to return an indictment or until the conclusion of the presentation of evidence at trial in the parallel criminal proceeding. Id. at 502. *See also White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 503 (1987).

The enactment of 18 U.S.C. § 981(g) reflects Congressional recognition of the competing interests at stake when there is a pending civil forfeiture action which is related to an ongoing criminal investigation. The ongoing criminal investigation should not be compromised by this civil case. The statute resolves those competing interests by showing deference to the superior interest in having an unfettered completion of the criminal matter even though the civil case must consequently suffer a delay.

The United States seeks to seal and to stay this civil forfeiture proceeding to allow the completion of the ongoing criminal investigation related to this civil case and for the protection of the ongoing criminal investigation that should not be compromised by this civil case. The ongoing criminal investigation will be placed at risk through the premature disclosure of the civil forfeiture action, the witnesses, and the documents which would be routinely discovered in a civil action.

In both cases, the parties are the same; the witnesses are the same; the facts are the same; and the circumstances are the same. To continue with the forfeiture action at this time would frustrate and inhibit the orderly completion of the criminal investigation and grand jury investigation by allowing civil discovery, which could prematurely disclose sensitive details of the criminal case. The disclosure of the details of these investigations would be substantially prejudicial to the United States.

Lastly, the ongoing criminal investigation should not be compromised by this civil case.

. . .

. . .

### III. CONCLUSION

This Court should grant the United States's motion to seal and to stay this civil forfeiture action to avoid adversely affecting the ongoing criminal investigation.

Dated this 23RD day of October, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney


IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE

DATED: October 29, 2013 _____

9